KEVIN FLAUTT, Bar No. 257892
kevin.flautt@bbklaw.com
OLIVIA CLARK, Bar No. 316689
olivia.clark@bbklaw.com
BEST BEST & KRIEGER LLP
500 Capitol Mall
Suite 2500
Sacramento, California  95814
Telephone:     (916) 325-4000
Facsimile:     (916) 325-4010

Attorneys for Defendant
CITY OF WOODLAND

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BAKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF WOODLAND,<br><br>　　　　　Defendant. | Case No. 2:26-cv-00091-DAD-AC<br><br>State Court Case No. CV2025-3624<br><br>**DEFENDANT'S EX PARTE REQUEST FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING PURSUANT TO LOCAL RULE 144(C) and [~~PROPOSED~~] ORDER (FRCP 6)**<br><br>Action Filed:　　December 8, 2025 |

BEST BEST & KRIEGER LLP

Defendant City of Woodland ("Defendant") respectfully requests a brief extension of time for its initial response date to provide a response to Plaintiff Mark Baker's ("Plaintiff") complaint filed December 8, 2025 in the Superior Court of California, County of Yolo ("Complaint") by twenty-eight (28) calendar days so that Defendant's response will be due on or before Friday, February 13, 2026. In communications with Plaintiff, Plaintiff declined Defendant's request to stipulate to the extension. (Declaration of Olivia Clark ISO Request for Extension to File Response to Plaintiffs' FAC ("Clark Decl."), ¶¶ 2-3 and Exh. A.)

The Court may, at its discretion, grant an initial extension ex parte upon the affidavit of counsel that a stipulation extending time cannot be reasonably obtained, explaining the reasons why such a stipulation cannot be obtained, and explaining the reasons why the extension is necessary. (Local Rules for the United States District Court Eastern District of California ("Local Rules"), Rule 144(c).) Pursuant to Federal Rules of Civil Procedure ("FRCP") a court may, for good cause, extend the time for a response if a request is made before the original time expires. (FRCP 6(b)(1)(B).) FRCP Rule 6(b), governing extensions of time, must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." (*Ahanchian v. Xenon Pictures, Inc*. (9th Cir. 2010) 624 F.3d 1253, 1255.) ''Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." (*Id.* at 1259.)

Defendants submit this request for extension prior to the deadline for the responsive pleading, which is Friday, January 16, 2026. This request is the initial request for an extension of time to respond to the Complaint.

There is good cause for Defendant's request. Defendant diligently sought a stipulation from the opposing party prior to the filing of this ex parte application. (Clark. Decl., ¶¶ 2-3.) On Monday, January 12, 2026, following removal on Friday January 9, 2026, when it became clear that that the Friday, January 16, 2026, filing date would cause scheduling conflicts and document processing issues, Defendant's counsel emailed Plaintiff first thing in the morning, at approximately 9:30am, asking for the extension in exchange for Plaintiff receiving an equal extension on their response and offering to prepare the stipulation and proposed order to effectuate the matter. (*Id.* at ¶ 2 and Exh. A.) Defendant's counsel explained we were only recently retained by the City for the matter

BEST BEST & KRIEGER LLP

and authorized by the City Council to respond to the Complaint and, as such, required extra time to prepare a response, which would be a motion to dismiss. (*Id.* at ¶ 2 and Exh. A.) Plaintiff responded via email about an hour later declining the extension request because the City's removal to Federal court indicated to Plaintiff that the City "has no respect for individuals with disabilities," has "no desire to engage in an effort to eliminate discriminatory barriers," and has "chosen not to act in good faith" so "there is no benefit to [Plaintiff] to work collaboratively with your office" and grant the request. (*Id.* at ¶ 3 and Exh. A.) Instead, Plaintiff offered a stay so long as the City entered into an interactive process to resolve the matters underlying the case. (*Ibid.*) No further reason or asserted prejudice to Plaintiff was identified. (*Ibid.*) Thus, a stipulation with Plaintiff to extend time could not reasonably be obtained. (*Id.* at ¶ 4.)

This extension is necessary due to the press of business, counsel's scheduling conflicts, and because Defendant is still gathering documents and other information related to claims and causes of action in the Complaint. (Clark Decl., ¶ 5.) Research on the claims and five distinct causes of action, gathering and reviewing requisite documentation, and preparing a response is complex. (*Id.* at ¶ 5.) Evaluation and analysis is cumbersome and time consuming, especially where Defendant is a small municipality so the gathering and provision of documents is nearly impossible while still trying to maintain business as usual. Defendant requires more time to prepare a response.(*Id.* at ¶ 5.) Indeed, this extension will behoove Plaintiff and the Court since it will provide Plaintiff additional time to fully respond, as Mr. Baker has a pending matter in the Eastern District that he must engage in, and the benefit to the Court in more careful and well-supported motions and responses. (*Id.* at ¶ 6.)

Notably, as especially relevant here, the Eastern District, on motion for shortened time to respond to amended complaint, ruled: "The Court does not find a twenty-eight day extension of time will unnecessarily delay this recently filed action. This Court encourages thoughtful and well-supported motions and mandates that parties thoroughly meet and confer in good faith prior to filing those motions. The Court does not encourage gamesmanship, nor does it appreciate any party's refusal to act in good faith. Thus, Plaintiff's additional reasoning for declining the extension of time—that 'since [Ms. Sperling is] an attorney, [she] should be able to respond by July 7'—is not

BEST BEST & KRIEGER LLP

well-taken. In light of Plaintiff's filing of the first amended complaint and for the reasons proffered by the State Bar Defendants, the Court finds good cause to grant the State Bar Defendants' 28-day extension of time to file a responsive pleading." (*Singer v. Waters* (E.D. Cal. June 27, 2025) No. 1:25-CV-00532-KES-SAB 2025 WL 1789096, 2.)

The same applies here: Defendant's counsel simply seeks a brief extension – the same 28-days in *Singer* – to fully and sufficiently address the legal issues raised in the Complaint and as an accommodation to the concerns and scheduling conflicts addressed in the accompanying affidavit of counsel. (Clark Decl., ¶¶ 5-6.)

As such, Defendant respectfully seeks an extension to file a responsive pleading. Specifically, Defendant respectfully requests an extension from January 16, 2026, to February 13, 2026, to file a responsive pleading.

Respectfully Submitted,

Dated: January 13, 2026                BEST BEST & KRIEGER LLP


By: */s/ Olivia Clark*
KEVIN FLAUTT
OLIVIA CLARK

Attorneys for Defendant
CITY OF WOODLAND

**[~~PROPOSED~~] ORDER**

The Court hereby grants Defendant's request for an extension of time to provide a response to Plaintiff's Complaint. The deadline is now Friday, February 13, 2026.

IT IS SO ORDERED.

DATED: January 14, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

BEST BEST & KRIEGER LLP